IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BARBRANDA L. WALLS, et al., )
)
    Plaintiffs )
)
v. ) 1:13-cv-623 (LMB/JFA)
)
WELLS FARGO BANK N.A., )
)
    Defendant. )

## MEMORANDUM OPINION

Before the Court is defendant Wells Fargo Bank N.A.'s ("Wells Fargo") Motion to Dismiss Plaintiff's Amended Complaint [Dkt. No. 5], in which Wells Fargo argues that the claims in the Amended Complaint should be dismissed because they are precluded by the doctrine of res judicata and otherwise fail to state valid claims under Fed. R. Civ. P. 12(b)(6). Barbranda L. Walls ("Walls"), proceeding pro se, filed an opposition, to which Wells Fargo has replied. Hal Walls, her husband and the other plaintiff listed on the amended complaint, has not filed his own opposition and is not a proper plaintiff for the reasons discussed in this Opinion. For the reasons stated below, Wells Fargo's motion will be granted and this civil action will be dismissed.

## I. BACKGROUND

### A. The Eastern District of Virginia Litigation

In 2005, Wells Fargo extended to plaintiff Barbranda Walls ("Walls") alone, and not to her husband Hal Walls, a $600,000 real estate loan that was secured by a lien on and security interest in investment property that she owned in the District of Columbia, which is currently in foreclosure proceedings. See Notice of Removal [Dkt. No. 1] at 175-180 ("Promissory Note"), 182-192 ("Deed of Trust"). Walls defaulted under the Promissory Note after failing to make any payments after June 4, 2008. On June 18, 2012, Wells Fargo sued Walls, who resides in this district, in this Court to recover the balance of the Note. See id. at 171-173; see also Wells Fargo Bank, Nat'l Ass'n v. Barbranda Walls, No. 1:12-cv-664 (E.D. Va. filed Jun. 18, 2012). Walls filed a counterclaim on September 27, 2012 seeking $1 million in damages, alleging that Wells Fargo committed fraud, breached its contract, and violated the implied covenant of good faith when it quoted her a "payoff figure" of $866,613.00 instead of the $778,955.56 figure stated on the original foreclosure notice. No. 1:12-cv-664, Dkt. No. 20, at 2-4. She also alleged that the higher payoff figure included "excessive fees and charges designed to prevent the Defendant from paying off the note." Id. at 2.

On November 20, 2012, the counterclaim was dismissed with prejudice based on the legal insufficiency of the claims and the obvious fact that any increases to the amounts owed on her loan were "attributable to the interest and fees specified in the loan documents," which provided for late charges as well as the accrual of interest at a rate of 9.49% in the event of a default. See No. 1:12-cv-664, Dkt. No. 31; see also Promissory Note; Deed of Trust. After the parties engaged in discovery, the Court awarded summary judgment to Wells Fargo in light of Walls's admissions that she executed the Promissory Note and Deed of Trust and failed to make payments on the Promissory Note, and her inability to produce evidence contradicting Wells Fargo's assessment of the amount due under the loan. See id., Dkt. No. 39. The Court separately awarded Wells Fargo attorney fees and costs in the amount of $251,624.08. See id., Dkt. Nos. 64, 65. Walls has appealed the entry of judgment and award of attorney fees and costs, and those consolidated appeals are currently pending before the United States Court of Appeals for the Fourth Circuit. See Dkt. Nos. 51, 66.

### B. The District of Columbia Litigation

On September 17, 2012, ten days before she filed her counterclaim in this District, Walls filed the instant civil action in the Superior Court of the District of Columbia, seeking solely to enjoin the impending foreclosure sale of the

3

property that was the collateral for the loan at issue in the civil action before this Court. See Notice of Removal at 9-15; see also Barbranda L. Walls v. Wells Fargo Bank, Nat'l Ass'n, No. 2012 CA 7467 R(RP) (D.C. Sup. Ct. filed Sept. 17, 2012). After her motions for a temporary restraining order and a preliminary injunction were denied, the Superior Court dismissed her original complaint as moot given that the foreclosure sale had already gone forward, observing:

> [Walls] does not allege in her motion that she paid any of the charges that she contends are exorbitant, usurious, illegal, or otherwise unjustified, or that the proceeds from the foreclosure sale were large enough to cover not only the principal and interest on her loan but also any portion of those charges. If she did not pay any of those charges, or if outstanding principal and interest consumed the entire proceeds of the foreclosure sale, she would not have a claim for money damages.

See Notice of Removal at 124-26. Nevertheless, on January 14, 2013 Walls filed an amended complaint in the Superior Court, alleging the same issue raised in her dismissed complaint – that is, that the $866,613.00 payoff figure ultimately quoted to her by Wells Fargo contained charges that were "fraudulent," "excessive," "illegal," and "in bad faith" – and seeking over $9 million in damages based on theories of fraud, breach of contract, violation of the implied covenant of good faith and fair dealing, unjust enrichment, and negligence. Id. at 132-33;

4

Dkt. No. 10, Ex. 2. The amended complaint also included Walls's husband, Hal Walls, as a plaintiff, despite the Superior Court's warning in its dismissal of the original complaint that he would not be a proper party-plaintiff. See Notice of Removal at 125.

On January 30, 2013, defendant Wells Fargo removed that amended complaint to the United States District Court for the District of Columbia. Defendant also filed a Motion to Dismiss or in the Alternative to Transfer Venue or in the Alternative to Strike Plaintiff's Amended Complaint. See Dkt. No. 5. On May 9, 2013, that motion was granted in part by an order transferring the action to the Eastern District of Virginia. That order acknowledged that this Court had dedicated a "significant investment of time in the subject matter of this case." See May 9, 2013 Minute Order. Because the district court did not rule on Wells Fargo's fully-briefed motion to dismiss, the parties were instructed that the pending motion to dismiss would be resolved in the Eastern District of Virginia. See Dkt. No. 18.[1]

---

[1] In yet another attempt to delay these proceedings, Walls has filed a Response to Notice of Hearing in which she states that she cannot "intelligently respond" to Wells Fargo's Motion to Dismiss because the transferring judge "did not make clear as to my amended complaint which issues and claims [were] retained for litigation in the District of Columbia and those issues and claims which were transferred to the Virginia Federal District Court," and requests "to allow the D.C. Federal District Court judge an opportunity to bring clarity to his order." Resp. to Notice of Hr'g [Dkt. No. 19], at 1. She attached to that

5

## II. LEGAL STANDARD

Motions to dismiss under the doctrine of res judicata are properly reviewed under the standard for dismissal set forth by Fed. R. Civ. P. 12(b)(6). Davani v. Va. Dep't of Transp., 434 F.3d 712, 720 (4th Cir. 2006). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)2(6), the court should assume that the facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor. Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law."

---

pleading a "Motion for an Order of Clarity Relative to the Court's Minute Order of 05/09/2013," which was filed in the United States District Court for the District of Columbia by the attorney representing her in that jurisdiction, in which he incredibly argues that the district court's order was unclear. See id., Ex. A; see also Walls et al. v. Wells Fargo Bank, N.A., No. 1:13-cv-126, June 19, 2013 Minute Order (D.D.C.) (denying Walls's motion). The May 9, 2013 Minute Order clearly stated that Wells Fargo's Motion to Dismiss or in the Alternative to Transfer Venue or in the Alternative to Strike Plaintiff's Amended Complaint was "GRANTED in part and DENIED in part and it is hereby ORDERED that this case be TRANSFERRED to the United States District Court for the Eastern District of Virginia." As any reasonable attorney would have easily understood from that ruling, the district court granted only the portion of Wells Fargo's motion requesting transfer of the entire civil action to this Court and declined to rule on Wells Fargo's requests to dismiss the civil action or strike the amended complaint. There is, therefore, no valid reason for this Court to delay ruling on the Motion to Dismiss.

6

O'Ryan v. Dehler Mfg. Co., 99 F. Supp. 2d 714, 718 (E.D. Va. 2000).

In addition, "if the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, a party must "nudge[] their claims across the line from conceivable to plausible" to survive a Rule 12(b)(6) motion to dismiss. Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. DISCUSSION

Preliminarily, the only proper plaintiff in this civil action is the original plaintiff, Barbranda L. Walls. Although the amended complaint attempts to join Hal Walls as a plaintiff, the Superior Court of the District of Columbia already rejected that maneuver in an Order dated November 7, 2012, in which it observed that Hal Walls would not be a proper party-plaintiff because there were no allegations that he was a party to the

7

loan documents or that Wells Fargo demanded that he pay any of the charges disputed by Walls. See Notice of Removal at 125. The court elaborated as follows:

> That Mr. Walls was Ms. Walls' agent with respect to the property does not mean that he has a claim against Wells Fargo separate from his principal. To the extent that they have a mutual interest in the property, Mr. Walls would benefit from any relief obtained by Ms. Walls, and he has no interest different from, much less antagonistic to, her interests.

Id. Because the Amended Complaint improperly included Hal Walls as a plaintiff, he will be stricken as a plaintiff in this civil action.

Wells Fargo contends that Walls's claims are precluded under the doctrine of res judicata, which bars a plaintiff from relitigating matters already considered by a court. See, e.g., United States v. Mumford, 630 F.2d 1023, 1027 (4th Cir. 1980). The res judicata bar applies when the following three elements are satisfied: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990).

Wells Fargo correctly argues that Walls's claims are precluded by this Court's November 20, 2012 decision dismissing with prejudice her counterclaim against Wells Fargo for three

8

identical causes of action based on the same facts - fraud, breach of contract, and breach of the implied covenant of good faith.[2] Therefore, the same claims in the instant civil action must also be dismissed under res judicata.[3]

The amended complaint also contains claims for unjust enrichment and negligence that were not explicitly raised in the counterclaim; however, those two claims are based on the same facts as all the other claims in the counterclaim. Walls's attempts to restyle her earlier factual allegations into different causes of action are insufficient to avoid the res judicata bar and, even if not barred, would fail under the requirements of Fed. R. Civ. P. 12(b)(6). The unjust enrichment claim, for example, fails to allege that Walls conferred a

---

[2] See No. 1:12-cv-664, Dkt. No. 31. Specifically, the Court found that any alleged fraud failed to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b), and that any breach of contract claim was not only insufficient absent evidence of a valid modification to the loan payments, but implausible given the late fees and 9.49% interest rate that apply to unpaid principal in the event of default. Id. at 2-5. Any alleged violation of the implied covenant of good faith and fair dealing was considered meritless because that cause of action does not "provide an independent basis for recovery and only duplicates a breach of contract claim." Id. at 5.

[3] Walls argues that res judicata does not apply because this Court lacked jurisdiction over the previous civil action and because Wells Fargo failed to exhaust its administrative remedies before filing suit against Walls. See Pl.'s Opp'n to Def.'s Mot. to Dismiss Pl.'s Am. Compl. at 3. Both of those arguments are meritless, and incidentally, were the same arguments that Walls unsuccessfully mounted to oppose Wells Fargo's motion for attorney fees in the previous civil action. See No. 1:12-cv-664, Dkt. No. 62, at 2-3.

benefit on defendant Wells Fargo, let alone one that Wells Fargo inequitably retained without paying for its value.[4] Walls's allegations of negligence are equally inadequate, given that the amended complaint fails to allege that Wells Fargo owed her any duty independent from the duty to fulfill its obligations under a contract, which cannot form the basis for a negligence claim.[5] Accordingly, both of these additional claims must also be dismissed.

III. CONCLUSION

All of the claims in the Amended Complaint are incapable of surviving a motion to dismiss under Fed. R. Civ. P. 12(b)(6)

---

[4] See, e.g., Peart v. D.C. Hous. Auth., 972 A.2d 810, 813 (D.C. 2009) ("Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." (internal quotation marks omitted)). Indeed, the Court has already found that Walls defaulted on her obligations by failing to make timely payments on the Promissory Note since June 2008. See No. 1:12-cv-664, Dkt. No. 39, at 4.

[5] To establish a negligence claim, a plaintiff must show "(1) a duty, owed by the defendant to the plaintiff, to conform to a certain standard of care; (2) a breach of this duty by the defendant; and (3) an injury to the plaintiff proximately caused by the defendant's breach." District of Columbia v. Fowler, 497 A.2d 456, 462 n.13 (D.C. 1985). A negligence claim cannot be based solely on a breach of duty to fulfill obligations under a contract. See, e.g., Choharis v. State Farm Fire & Cas. Co., 961 A.2d 1080, 1089 (D.C. 2008) ("[T]he tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship. The tort must stand as a tort even if the contractual relationship did not exist.").

because they are precluded by res judicata and because they fail to sufficiently allege plausible claims upon which relief could be granted. For the above-stated reasons, the Court will grant defendant Wells Fargo's Motion to Dismiss Plaintiff's Amended Complaint [Dkt. No. 5] by an Order to be issued with this Memorandum Opinion.

Entered this 20th day of June, 2013.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge